IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

HARSH SHARMA,

  Petitioner,

v.             CIVIL ACTION NO.: CV211-082

ANTHONY HAYNES, Warden,

  Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Harsh Sharma ("Sharma"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Sharma's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Sharma pled guilty to one court of distribution of hydrocodone and distribution of diazepam, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), and two counts of possession with intent to distribute hydrocodone, in violation of the same code sections. United States v. Sharma, CR208-069 (M.D. Fla), Doc. No. 160. Sharma was sentenced to 60 months' imprisonment for each count, with the sentences to be served concurrently. Id.

In the instant petition, Sharma seeks an Order from this Court instructing the Bureau of Prisons ("BOP") to grant Sharma the maximum amount of time (12 months) in Residential Reentry Center ("RCC") placement, under the Second Chance Act, codified

AO 72A
(Rev. 8/82)

in 18 U.S.C. § 3624. (Doc. No. 1, p. 4). Sharma asserts that the BOP failed to properly consider the factors enumerated in the Second Chance Act, 28 U.S.C. § 3621(b), when determining his RCC placement. Respondent contends, among other things, that Sharma's petition should be dismissed for want of subject matter jurisdiction based on Sharma's failure to exhaust his administrative remedies. (Doc. No. 9, p. 9–11). Sharma argues that he has exhausted his administrative remedies, or, in the alternative, that the administrative remedy process is futile. (Doc. No. 1, p. 4).

## DISCUSSION AND CITATION OF AUTHORITY

Inmates are required to exhaust administrative remedies prior to seeking relief in federal court by filing a petition for a writ of habeas corpus. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that "prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements"). If a prisoner does not exhaust the administrative remedies available to him, the Court lacks subject matter jurisdiction to hear his petition. Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992). "Generally, exhaustion is not required where . . . an administrative appeal would be futile." Winck v. England, 327 F.3d 1296, 1304 (11th Cir. 2003) (internal punctuation and citation omitted). That "the [requested] relief does not appear to be plain, speedy, and effective" does not render the administrative remedy process futile. Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90–91 (11th Cir. 2009) (internal punctuation and citation omitted).

Inmates at FCI Jesup must exhaust the BOP administrative remedies, as required by the Code of Federal Regulations, beginning the grievance process locally by presenting their complaint for informal resolution. 28 C.F.R. § 542.13. If informal

2

resolution is unsuccessful, the inmate may seek formal review locally by filing a written administrative remedy request with the Warden at FCI Jesup. 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, the inmate may appeal to the Regional Director. 28 C.F.R. § 542.15. If the inmate is not satisfied with the Regional Director's response, the inmate may make a final appeal to the Office of the General Counsel. Id.

Sharma has filed two administrative remedy requests requesting RCC placement. The first, Administrative Remedy Number 624076-R1, was rejected. (Doc. No. 9-1, p. 14). The Submission ID, R1, indicates that this request was submitted to the Regional Director. Therefore, this request was likely rejected for being submitted to the wrong office. There is no other remedy with the same case number, 624076, logged in the SENTRY database. (Doc. No. 9-1, pp. 12–18). Therefore, after rejection of Number 624076-R1, Sharma took no further action with respect to this administrative remedy.

Sharma subsequently filed Administrative Remedy Number 625528-F1, which was denied. (Doc. No. 9-1, p. 15). Sharma appealed the denial of this administrative remedy to the Office of General Counsel via Administrative Remedy Number 625528-A1. (Doc. No. 9-1, p. 16). This appeal was denied for being submitted to the wrong office. (Doc. No. 9-1, p. 19). The SENTRY database does not show any other remedy with the same case number, 625528; therefore, Sharma never correctly appealed the denial of Number 625528-F1 to the Regional Director. Neither of Sharma's two administrative remedy requests seeking RCC placement properly complied with the BOP administrative remedy process.

Sharma has not exhausted his administrative remedies with regard to the issue raised in the instant petition. However, Sharma asserts that exhaustion would be futile. Sharma contends that exhaustion of administrative remedies would be futile for two reasons: (1) the BOP has a pattern and practice of delaying the process, in violation of enumerated procedure, and (2) Sharma has experienced retaliation and discrimination as a result of filing administrative remedy requests in the past. (Doc. No. 1, p. 4). Sharma's first argument is foreclosed by the decision in Rey. Sharma's second argument amounts to an allegation of violation of his civil rights and is more appropriately brought in an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Sharma is not entitled to § 2241 relief. Sharma has not exhausted his BOP administrative remedies with regard to the issue raised in his petition, and exhaustion is not futile. Consequently, the Court lacks subject matter jurisdiction to hear Sharma's petition.

## CONCLUSION

It is my **RECOMMENDATION** that Sharma's § 2241 petition be **DISMISSED**, without prejudice, based on Sharma's failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 7th day of November, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

4